# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SIDNEY COLEMAN,

                Plaintiff,

v.

LINDSAY KUEHN,

                Defendant.

Case No. 25-CV-828-JPS

**ORDER**

## 1. INTRODUCTION

Plaintiff Sidney Coleman ("Plaintiff") sues Defendant Lindsay Kuehn ("Defendant"), alleging that she defamed him. ECF No. 1 at 2–3. Plaintiff also moved for leave to proceed in forma pauperis, which was granted, but his original complaint did not meet the pleading standard and Plaintiff was afforded an opportunity to amend. ECF No. 4. Plaintiff thereafter amended his complaint. ECF No. 7. The Court notes, however, that Plaintiff filed his amended complaint nine days after the Court's deadline, which had already provided more than a month extension from the original screening order's deadline. *See* ECF Nos. 4 and 6. If Plaintiff again fails to comply with the Court's deadlines, the Court will dismiss his case without prejudice for failure to prosecute. *See* CIV. L.R. 41(c).

This Order screens Plaintiff's amended complaint and, finding that it states a claim, orders Plaintiff to inform the Court what method of service he would like to utilize.

## 2. SCREENING THE COMPLAINT

### 2.1 Legal Standard

The Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States, ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

"What is a short and plain statement depends, of course, on the circumstances of the case." *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1387 (10th Cir. 1980) (quoting MOORE'S FEDERAL PRACTICE § 8.13,

8–124, 125 (2d ed. 1979) and citing *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir. 1957)). And "undue length alone" may not necessarily warrant dismissal of an otherwise valid complaint. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But rarely will this Court consider a lengthy pro se complaint "short and plain," unless it is clear and intelligible. *See Parker v. Learn the Skills Corp.*, No. 03-6936, 2004 U.S. Dist. LEXIS 21499, at *5 (E.D. Penn. Oct. 25, 2004) (80-page pro se complaint did not comply with Rule 8); *Struggs v. Pfeiffer*, 2019 U.S. Dist. LEXIS 202582, 2019 WL 6211229, at *1–2 (E.D. Cal. Nov. 21, 2019) (dismissing 42-page complaint as noncompliant with Rule 8). Shorter complaints may still run afoul of the rule if they are rambling, repetitive, or confusing. *Stanard*, 658 F.3d at 798 ("[W]here the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *see also Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, No. 13-CV-3106, 2017 U.S. Dist. LEXIS 198374, at * (26–27 (N.D. Ill. Dec. 1, 2017) ("While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations are grounds for dismissal." (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013))).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing a complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cur. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 2.2 Plaintiff's Allegations[1]

Plaintiff alleges that in January 2024, Defendant "made multiple negative and false statements about [Plaintiff] . . . using Facebook and Instagram." ECF No. 7 at 2. Specifically, Defendant posted that "Plaintiff was a woman beater and had beaten his wife with a pistol." *Id.* Defendant also called Plaintiff's then-parole agent and stated the same, "which resulted in [Plaintiff] being arrested and having to face a hearing, which he won." *Id.* at 2–3. Plaintiff alleges that Defendant's "false statements defamed [his] character and slandered his name" and that "[a]s a result, [Plaintiff] . . . was hit very hard financially, emotionally, and mentally." *Id.* at 3. Plaintiff is an entrepreneur, and after Defendant made her statements, he saw drastic declines in his "music streams, book sales, [and] greeting card sales." *Id.* Plaintiff also states that Defendant's "actions violated [his] Constitutional [r]ights." *Id.*

Plaintiff asserts that he is suing under state law and diversity jurisdiction. *Id.* at 4. For relief, Plaintiff seeks compensatory and punitive

---

[1]For brevity, citations to facts within this section are omitted in the Court's analysis section.

damages totaling $1,000,000 and "ownership of [Defendant's] assets as payment for any damages that" she cannot otherwise pay. *Id.*

## 2.3 Analysis

Plaintiff adequately states a claim for defamation against Defendant. First, the Court notes that it has jurisdiction to hear Defendant's state law claim because Plaintiff is a citizen of Minnesota and Defendant is a citizen of Wisconsin, and the amount in controversy exceeds $75,000.[2] *Id.* at 1–2, 4; 28 U.S.C. § 1332(a)(1).

Under Wisconsin law,[3] to bring a defamation claim a plaintiff "must show that the defendant (1) published (2) a false, (3) defamatory, and (4) unprivileged statement." *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 665 (7th Cir. 2022) (citing *Torgerson v. J./Sentinel, Inc.*, 563 N.W.2d 472,

---

[2] While Plaintiff does not break down his request for $1,000,000 in damages into compensatory and punitive damages, because punitive damages are available for defamation claims where express malice is shown, *see Laughland v. Beckett*, 870 N.W.2d 466 ¶ 38 (Wis. Ct. App. 2015), both compensatory and punitive damages may be used here to satisfy the amount in controversy requirement. *See Tedesco v. State Farm Fire & Cas. Co.*, 599 F. Supp. 3d 750, 759 (N.D. Ind. 2022) ("[P]unitive damages can be included in the calculation of the amount in controversy when the substantive law for the plaintiff's claim permits them to be awarded." (quoting *Plunkett v. Ill. Farmers Ins. Co.*, No. 2:18-cv-52-DLP-WTL, 2018 WL 3017154, at *3 (S.D. Ind. June 15, 2018))).

[3] The Court applies Wisconsin law because "a federal court exercising its diversity jurisdiction over state-law claims ordinarily applies the choice-of-law rules of the state in which it sits," *Looper v. Cook Inc.*, 20 F.4th 387, 390 (7th Cir. 2021) (citing *Klaxon Co v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)), and "[t]he first rule in Wisconsin choice of law rules is 'that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of greater significance." *State Farm Mut. Auto. Ins. Co. v. Gillette*, 641 N.W.3d 662 ¶ 51 (Wis. 2002) (quoting *Hunker v. Royal Indem. Co.*, 204 N.W.3d 897, 902 (Wis. 1973)). Because Defendant is a citizen of Wisconsin and Plaintiff filed this case here, the Court presumes at this stage that Defendant published the alleged defamatory statements from Wisconsin. The Court has no reason at this time to believe that any nonforum contacts have greater significance.

477 (1997)); *see also Torgerson*, 563 N.W.2d at 477 ("The elements of a defamatory communication are: '(1) a false statement; (2) communicated by speech, conduct or in writing to a person other than the person defamed; and, (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.'" (quoting *Stoll v. Adriansen*, 362 N.W.3d 182, 190 (Wis. Ct. App. 1984); Wis. JI–Civil 2500 (1993))). Plaintiff has adequately pled each of these elements. He alleges that Defendant published, via Facebook and Instagram, the false statement that Plaintiff beat his wife with a pistol. He further alleges that this statement harmed his reputation such that sales for his public offerings, including for music, books, and greeting cards, declined. He also alleges that the defamatory statements harmed him financially and caused him emotional distress and pain and suffering. This is enough to provide Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

To the extent that Plaintiff makes a blanket claim that Defendant violated his Constitutional rights, no such claim(s) can survive screening. As Magistrate Judge Joseph pointed out in her order screening Plaintiff's original complaint (that made the same conclusory claim), "Defendant is a private actor with no indication she was acting under state action," and a private individual may only be held responsible for violations of the Constitution or federal law where the state "effectively directs or controls the actions of the private party." ECF No. 4 at 3–4; *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). Accordingly, any claims Plaintiff intends to bring that are based in the Constitution must be dismissed with prejudice.

3.  **CONCLUSION**

For the reasons stated herein, Plaintiff may proceed with his defamation claim against Defendant, but his Constitutional claim(s) must be dismissed. Plaintiff's next step in this matter is to serve his complaint, together with a summons, on Defendant. *See generally* FED. R. CIV. P. 4. Plaintiff may either request service on Defendant by the U.S. Marshals or obtain service on Defendant on his own, using one of the methods described in Federal Rule of Civil Procedure 4(d)–(e).

If Plaintiff chooses to obtain service on Defendant on his own, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him. There is no cost for the Clerk of Court to issue a service packet to Plaintiff. If Plaintiff hires a process server to serve Defendant, he will be responsible for that cost.

Alternatively, "at the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65.00 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Congress has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service.

Plaintiff must file a notice on or before **December 12, 2025**, indicating whether he will obtain service on Defendant on his own or if he desires service by the U.S. Marshals Service.

**The Court warns Plaintiff that if he fails to comply with this or any of the Court's orders, his case will be dismissed without further notice for failure to prosecute.**

Accordingly,

**IT IS ORDERED** that any of Plaintiff Sidney Coleman's claims that are based in violations of his Constitutional rights be and the same are hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that, on or before **December 12, 2025**, Plaintiff Sidney Coleman shall file a notice indicating whether he will obtain service on Defendant Lindsay Kuehn on his own or if he desires service by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin, this 12th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.