# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SIDNEY COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>LINDSAY KUEHN,<br><br>Defendant. | Case No. 25-CV-828-JPS<br><br>**ORDER** |

## 1. INTRODUCTION

In June 2025, Plaintiff Sidney Coleman ("Plaintiff"), proceeding pro se, sued Defendant Lindsay Kuehn ("Defendant") for alleged defamation and based on diversity jurisdiction. ECF No. 1.

Defendant was served but failed to timely appear and respond. ECF No. 17. In April 2026, the Court directed the Clerk of Court to enter default against Defendant, which the Clerk promptly entered. *Id.* Now before the Court is Plaintiff's motion for default judgment. ECF No. 15. For the reasons discussed herein, the Court will deny without prejudice Plaintiff's motion for default judgment.

## 2. FACTS

Plaintiff's original complaint, filed in June 2025, established diversity jurisdiction, noting that Plaintiff was a citizen of Alabama, Defendant was a citizen of Wisconsin, and the alleged amount in controversy was $1,000,000. ECF No. 1 at 1–2, 4; *see also* ECF No. 4 at 3. In July 2025, Plaintiff notified the Court of a change of address to Minneapolis, Minnesota. Plaintiff filed an amended complaint in August 2025, again alleging

defamation and based on diversity of citizenship; however, Plaintiff there claimed to be a citizen of Minnesota. ECF No. 7 at 1, 5.

The United States Marshall Service served Defendant on February 2, 2026. ECF No. 14. On February 26, 2026, Plaintiff filed a motion for default judgment. ECF No. 15. On April 15, 2026, the Court ordered the Clerk of the Court to enter default against Defendant, gave Defendant until June 15, 2026 to file a motion to vacate the entry of default, and noted the Court would consider Plaintiff's motion for default judgment after that date. ECF No. 17. The Clerk of Court entered default against Defendant on April 15, 2026. The following day, Plaintiff filed his own request for entry of default against Defendant. ECF No. 18.[1]

On May 11, 2026, instead of filing a motion to vacate the entry of default, Defendant, also proceeding pro se, filed a motion to dismiss the amended complaint. ECF No. 21. In her motion to dismiss, Defendant claims that the Court lacks subject matter jurisdiction because "Plaintiff identifies himself as a Wisconsin citizen." *Id.* at 2. Defendant has made no other filings.[2] While Plaintiff did not file a substantive response to Defendant's motion to dismiss, he filed a request that the Court ignore, strike, or deny Defendant's motion and make a ruling regarding Plaintiff's motion for default judgment. ECF No. 24. Because the Court has an independent concern over its jurisdiction in this case, the Court will deny Plaintiff's motion for default judgment without prejudice at this juncture.

---

[1]While Plaintiff's request was dated April 13, 2026, it was not received by the Court until April 16, 2026.

[2]Although Defendant filed a Magistrate Judge jurisdiction form on March 2, 2026, ECF No. 16, she has not made any other substantive pleadings aside from the motion to dismiss.

## 3. LAW AND ANALYSIS

"Subject-matter jurisdiction is the first issue in any case . . . ." *Continental Indemnity Co. v. BII, Inc.*, 104 F.4th 630, 636 (7th Cir. 2024) (quoting *Miller v. Southwest Airlines Co.*, 926 F.3d 898, 902 (7th Cir. 2019)). The Court has "'an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party' or the prior progression of the case." *Zhang v. City of Chi. Comm'n on Human Relations*, No. 24-CV-10940, 2026 WL 2445373, at *1 (N.D. Ill. Aug. 20, 2026) (quoting *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 818 (7th Cir. 2024)) (further citation omitted). "No court may enter judgment on the merits—which a default judgment is—if it lacks jurisdiction. A federal court must examine its own jurisdiction whether or not the parties question it, and it certainly may not disregard jurisdictional questions that have been raised explicitly." *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1222–23 (7th Cir. 1991).

Plaintiff's complaint, and amended complaint, both indicate that the Court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1 at 4; ECF No. 7 at 4. A federal court has diversity jurisdiction over "'civil actions where the matter in controversy exceeds' $75,000" and the action is between "'citizens of different States.'" *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citing 28 U.S.C. § 1332). Whether diversity is present in a case is determined by the parties' citizenship at the time of pleading. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Nationwide Agribusiness Ins. Co. v. Tweet/Garot Mech., Inc.*, No. 04-C-673, 2005 WL 2076672, at *3 (E.D. Wis. Aug. 23, 2005) (citing *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993)). For purposes of diversity jurisdiction, the

citizenship of natural persons turns on an individual's "domicile, not residence." *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). "[D]omicile is the place one intends to remain . . . ." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (citation omitted). "[E]stablishing domicile in a particular state requires physical presence while intending to remain there." *Sheneman*, F. App'x at 499 (collecting cases).

In Plaintiff's original complaint, filed in June 2025, he identified himself as a citizen of Alabama. ECF No. 1 at 1. In his amended complaint, filed in August 2025, he identified himself as a citizen of Minnesota. ECF No. 7 at 1. This quick change leads the Court to suspect that Plaintiff may have improperly conflated his residence with his place of domicile, and calls into question whether diversity jurisdiction is properly present. Further, Defendant claims in her motion to dismiss that Plaintiff identifies himself as a citizen of Wisconsin. ECF No. 21 at 2. If Plaintiff's domicile is Wisconsin, as Defendant alleges, diversity would not be present, and the Court would be required to dismiss this case without prejudice for lack of jurisdiction. None of Plaintiff's or Defendant's filings provide further illumination as to Plaintiff's place of domicile.

Due to the Court's concern that it may not have subject matter jurisdiction over this action, it will deny Plaintiff's motion for default judgment without prejudice and will direct the parties to submit further briefing on this issue. Within **twenty-one (21) days** from the entry of this Order, Plaintiff is directed to file a statement that addresses his domicile, meaning where, at the time he filed his original complaint on June 10, 2025, Plaintiff was physically present and intended to remain, as well as addresses Defendant's citizenship, to Plaintiff's information and belief.

After Defendant files this statement, Plaintiff shall respond within **fourteen (14) days** thereafter.

Accordingly,

**IT IS ORDERED** that Plaintiff Sidney Coleman's motion for default judgment, ECF No. 15, be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that Plaintiff Sidney Coleman shall file a statement that addresses his domicile, as described above, within **twenty-one (21) days** from the entry of this Order; and

**IT IS FURTHER ORDERED** within **fourteen (14) days** of filing Plaintiff Sidney Coleman's jurisdictional statement, Defendant Lindsay Kuehn shall file a response.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge